1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  CATHY DAGGS,                  )
                                  )
12            Plaintiff(s),       )       No. C07-0939 BZ
                                  )
13       v.                       )
                                  )       **ORDER SCHEDULING**
14  NATIONAL RAILROAD PASSENGER   )       **JURY TRIAL AND**
    CORP.,                        )       **PRETRIAL MATTERS**
15                                )
              Defendant(s).       )
16                                )
    _____)
17
         Following the Case Management Conference, **IT IS HEREBY**
18
**ORDERED** that the Case Management Statement is adopted, except
19
as expressly modified by this Order.  **IT IS FURTHER ORDERED**
20
that:
21
1.   DATES
22
Trial Date: **Monday, 8/18/2008, 5 days**
23
Pretrial Conference: **Tuesday, 7/22/2008, 4 p.m.**
24
Last Day to Hear Dispositive Motions: **Wednesday, 7/2/2008**
25
Last Day for Expert Discovery: **Friday, 5/23/2008**
26
Last Day for Expert Disclosure: **Friday, 5/16/2008**
27
Close of Non-expert Discovery: **Friday, 5/9/2008**
28
2.   DISCLOSURE AND DISCOVERY

1

1    The parties are reminded that a failure to voluntarily

2  disclose information pursuant to Federal Rule of Civil

3  Procedure 26(a) or to supplement disclosures or discovery

4  responses pursuant to Rule 26(e) may result in exclusionary

5  sanctions.   Thirty days prior to the close of non-expert

6  discovery, lead counsel for each party shall serve and file a

7  certification that all supplementation has been completed.

8    In the event a discovery dispute arises, **lead counsel** for

9  each party shall meet in person or, if counsel are outside the

10 Bay Area, by telephone and make a good faith effort to resolve

11 their dispute.   Exchanging letters or telephone messages about

12 the dispute is insufficient.   The Court does not read

13 subsequent positioning letters; parties shall instead make a

14 contemporaneous record of their meeting using a tape recorder

15 or a court reporter.

16    In the event they cannot resolve their dispute, the

17 parties must participate in a telephone conference with the

18 Court **before** filing any discovery motions or other papers.

19 The party seeking discovery shall request a conference in a

20 letter filed electronically not exceeding two pages (with no

21 attachments) which briefly explains the nature of the action

22 and the issues in dispute.   Other parties shall reply in

23 similar fashion within two days of receiving the letter

24 requesting the conference.   The Court will contact the parties

25 to schedule the conference.

26 3.   MOTIONS

27    Consult Civil Local Rules 7-1 through 7-5 and this

28 Court's standing orders regarding motion practice.   Motions

2

1   for **summary judgment** shall be accompanied by a statement of

2   the material facts not in dispute supported by citations to

3   admissible evidence.  The parties shall file a joint statement

4   of undisputed facts where possible.  If the parties are unable

5   to reach complete agreement after meeting and conferring, they

6   shall file a joint statement of the undisputed facts about

7   which they do agree.  Any party may then file a separate

8   statement of the additional facts that the party contends are

9   undisputed.  A party who without substantial justification

10   contends that a fact is in dispute is subject to sanctions.

11      A Chambers copy of all briefs shall be submitted on a

12   diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13

13   (Windows), or may be e-mailed to the following address:

14   bzpo@cand.uscourts.gov.

15   4.   PRETRIAL CONFERENCE

16      Not less than thirty days prior to the date of the

17   pretrial conference, the parties shall meet and take all steps

18   necessary to fulfill the requirements of this Order.

19      Not less than twenty-one days prior to the pretrial

20   conference, the parties shall: (1) serve and file a joint

21   pretrial statement, containing the information listed in

22   **Attachment 1**, and a proposed pretrial order; (2) serve and

23   file trial briefs, Daubert motions, motions in limine,

24   proposed findings of fact and conclusions of law, and

25   statements designating excerpts from discovery that will be

26   offered at trial (specifying the witness and page and line

27   references); (3) exchange exhibits, agree on and number a

28   joint set of exhibits and number separately those exhibits to

1   which the parties cannot agree; (4) deliver all marked trial

2   exhibits directly to the courtroom clerk, Ms. Scott; (5)

3   deliver one <u>extra</u> set of all marked exhibits directly to

4   Chambers; and (6) submit all exhibits in three-ring binders.

5   Each exhibit shall  be marked with an exhibit label as

6   contained in **Attachment 2**.  The exhibits shall also be

7   separated with correctly marked side tabs so that they are

8   easy to find.

9        No party shall be permitted to call any witness or offer

10  any exhibit in its case in chief that is not disclosed at

11  pretrial, without leave of Court and for good cause.

12       Lead trial counsel for each party shall meet and confer

13  in an effort to resolve all disputes regarding anticipated

14  testimony, witnesses and exhibits.  All <u>Daubert</u> motions,

15  motions <u>in</u> <u>limine</u>, and objections will be heard at the

16  pretrial conference.  Not less than eleven days prior to the

17  pretrial conference, the parties shall serve and file any

18  objections to witnesses or exhibits or to the qualifications

19  of an expert witness.  <u>Daubert</u> motions and motion <u>in</u> <u>limine</u>

20  shall be filed and served not less than twenty-one days prior

21  to the conference.  Oppositions shall be filed and served not

22  less than eleven days prior to the conference.  There shall be

23  no replies.

24       Not less than twenty-one days prior to the pretrial

25  conference the parties shall serve and file requested voir

26  dire questions, jury instructions, and forms of verdict.  The

27  following jury instructions from the *Manual of Model Civil*

28  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

1  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

2  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

3  shall submit a joint set of case specific instructions.  Any

4  instructions on which the parties cannot agree may be

5  submitted separately.  The Ninth Circuit Manual should be used

6  where possible.  Each requested instruction shall be typed in

7  full on a separate page with citations to the authority upon

8  which it is based.  Proposed jury instructions taken from the

9  Ninth Circuit Manual need only contain a citation to that

10  source.  Any modifications made to proposed instructions taken

11  from a manual of model instructions must be clearly indicated.

12  In addition, all proposed jury instructions should conform to

13  the format of the Example Jury Instruction attached to this

14  Order.  Not less than eleven days prior to the pretrial

15  conference, the parties shall serve and file any objections to

16  separately proposed jury instructions.

17       Jury instructions that the Court has given in prior cases

18  may be downloaded from the Northern District website at

19  **http:\\www.cand.uscourts.gov**.  (Instructions are located on

20  the "Judge Information" page for Magistrate Judge Zimmerman.)

21  The Court will generally give the same instructions in cases

22  involving similar claims unless a party establishes, with

23  supporting authorities, that the instruction is no longer

24  correct or that a different instruction should be given.  CACI

25  instructions generally will be given instead of BAJI

26  instructions.

27       All motions, proposed findings of fact and conclusions of

28  law and trial briefs shall be e-mailed in WordPerfect format

1  to the following address:  bzpo@cand.uscourts.gov.

2       At the time of filing the original with the Clerk's

3  Office, two copies of all documents (but only one copy of the

4  exhibits) shall be delivered directly to Chambers (Room 15-

5  6688).  Chambers' copies of all pretrial documents shall be

6  three-hole punched at the side, suitable for insertion into

7  standard, three-ring binders.

8  Dated: December 11, 2007

9

10  _____

          Bernard Zimmerman

11        United States Magistrate Judge

12

13

14

    G:\BZALL\-BZCASES\DAGGS\TRIAL AND SCHEDULING ORDER.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

2

3

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

4

5

6

7

8                    _____'s Proposed Instruction No. _____.
                     (Party)

9

10                                   [Title]

11

12

13

14    [Text]

15

16

17

18

19

20

21

22

23    [Authority]

24

25    _____ GIVEN     _____ REFUSED    _____ GIVEN AS MODIFIED

26

27

28

7

1                           **ATTACHMENT 1**

2

3       The parties shall file a joint pretrial conference
statement containing the following information:

4           (1) **The Action.**

5               (A)   Substance of the Action. A brief
                      description of the substance of
6                     claims and defenses which remain
                      to be decided.

7
                (B)   Relief Prayed. A detailed
8                     statement of each party's
                      position on the relief claimed,
9                     particularly itemizing all
                      elements of damages claimed as
10                    well as witnesses, documents or
                      other evidentiary material to be
11                    presented concerning the amount
                      of those damages.

12
            (2) **The Factual Basis of the Action.**
13
                (A)   Undisputed Facts. A plain and
14                    concise statement of all
                      relevant facts not reasonably
15                    disputable, as well as which
                      facts parties will stipulate for
16                    incorporation into the trial
                      record without the necessity of
17                    supporting testimony or
                      exhibits.
18
                (B)   Disputed Factual Issues. A plain
19                    and concise statement of all
                      disputed factual issues which
20                    remain to be decided.

21              (C)   Agreed Statement. A statement
                      assessing whether all or part of
22                    the action may be presented upon
                      an agreed statement of facts.
23
                (D)   Stipulations. A statement of
24                    stipulations requested or
                      proposed for pretrial or trial
25                    purposes.

26          (3) **Trial Preparation.**

27      A brief description of the efforts the parties have made
to resolve disputes over anticipated testimony, exhibits and
28 witnesses.

                                8

1
2
3
4
5

    (A)   Witnesses to be Called. In lieu
        of FRCP 26(a)(3)(A), a list of
        all witnesses likely to be
        called at trial, other than
        solely for impeachment or
        rebuttal, together with a brief
        statement following each name
        describing the substance of the
        testimony to be given.

6
7
8
9
10

    (B)   Estimate of Trial Time. An
        estimate of the number of court
        days needed for the presentation
        of each party's case, indicating
        possible reductions in time
        through proposed stipulations,
        agreed statements of facts, or
        expedited means of presenting
        testimony and exhibits.

11
12
13
14
15
16
17

    (C)   Use of Discovery Responses. In
        lieu of FRCP 26(a)(3)(B), cite
        possible presentation at trial
        of evidence, other than solely
        for impeachment or rebuttal,
        through use of excerpts from
        depositions, from interrogatory
        answers, or from responses to
        requests for admission.  Counsel
        shall state any objections to
        use of these materials and that
        counsel has conferred respecting
        such objections.

18
19
20

    (D)   Further Discovery or Motions. A
        statement of all remaining
        motions, including motions in
        limine.

**(4)  Trial Alternatives and Options.**

21
22
23
24

    (A)   Settlement Discussion. A
        statement summarizing the status
        of settlement negotiations and
        indicating whether further
        negotiations are likely to be
        productive.

25
26
27

    (B)   Amendments, Dismissals. A
        statement of requested or
        proposed amendments to pleadings
        or dismissals of parties, claims
        or defenses.

28

    (C)   Bifurcation, Separate Trial of
        Issues. A statement of whether

9

1
                    bifurcation or a separate trial
                    of specific issues is feasible

2
                    and desired.

3
       (5) **Miscellaneous.**

4
       Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive determination.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT 2**

**USDC**
Case No. CV07-00939 BZ
**JOINT** Exhibit No._____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-00939 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-00939 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No.  CV07-00939 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No.  CV07-00939 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-00939 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-00939 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-00939 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-00939 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-00939 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-00939 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-00939 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____